In the Matter of the Estate of MARY C. IRELAND, Deceased.

Surrogate's Court, New York County, June 29, 1935.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Logan Fulrath* of counsel], for the accounting trustees.

*William E. Russell,* special guardian.

*Frederick W. McGowan* for the National Surety Corporation.

*Edward F. Keenan,* for the Superintendent of Insurance.

FOLEY, S. In this accounting proceeding brought on by the trustees, the question arises as to the right of the trustees to commissions under the provisions of new section 285-a of the Surrogate's Court Act. That section was enacted by chapter 892 of the Laws of 1934 and became effective on August 24, 1934. The new section provided for the allowance of commissions to trustees and other representatives of estates upon the collection of interest on mortgages in special cases where the mortgage was required to be serviced. The trustees here assert that the section is retroactive and that they are entitled to be allowed commissions upon interest collected prior to the date when the section took effect. The application is denied.

There is no basis in the statute itself to justify the construction sought by the trustees. The section was intended to cover the existing emergency which arose from the impaired condition of the guaranteed mortgage companies and their surrender of mortgages or mortgage certificates to the fiduciary. Thereby the duty of watching the property upon which the mortgage was a lien, and for which the mortgage company had been previously paid usually to the extent of one-half of one per cent, was shifted to the fiduciary. The very title of the section, " Emergency supplemental commissions," shows that it was to be confined to the period stated in this section — thirty-six months. The statute was prospective in its operation and limited to a definite, fixed period by the Legislature. Necessarily commissions under the new section for collections of interest antecedent to the effective date were not to be countenanced. It is the contention of counsel for the trustees that the rule which relates to the allowance of commissions in the ordinary case and provides for their award at the rates and under the law in effect at the time of the making of the decree should be applied here. That contention is overruled. That rule has no pertinency because of the language of the new section.

The history of the new section likewise bears out the fallacy of the claims of the trustees. At the regular session of the Legislature in 1934 there was introduced an amendment to section 285 of the Surrogate's Court Act which permitted trustees and other representatives of estates to collect commissions at one-half of one per cent upon the principal sum of a mortgage which required servicing. Opposition to the enactment of the amendment arose because of the excessive rate of the commissions which might absorb all or a very large part of interest earned upon the mortgage, to the detriment of the life tenant. This measure passed the Legislature, but was vetoed by the Governor. In the brief submitted to the Governor by counsel for the various corporate fiduciaries it was plainly indicated that these commissions were sought only in the period of emergency. No definite period, however, was mentioned in the amendment. During the extraordinary session of the Legislature in that year, the new form of section 285-a was introduced. Its terms had been drafted after conferences by representatives of the trust companies and by my colleague, Mr. Surrogate DELEHANTY. I likewise participated in the preparation and scrutiny of the proposed measure. The excessive rates complained of in the original bill were reduced at the request of the surrogates. It was recognized that some form of compensation should be given to representatives of estates for the additional work cast upon them by the default of the mortgage companies. There was written into

the bill at the request of the surrogates the limitation of thirty-six months during which commissions on the collection of interest should be allowed. At no time during the various conferences did the representatives of the corporate fiduciaries attempt to assert that the measure should be made retroactive. The bill was approved by the Legislature and became a law. The new section commences: "Emergency supplemental commissions. During the period of thirty-six calendar months from the date when this section takes effect, an executor, administrator, guardian or testamentary trustee shall be allowed for servicing bonds and mortgages and, in addition to the compensation otherwise provided for in the preceding section."

Then follows the rates of commissions. The trustees would read into this provision an intent on the part of the Legislature to allow commissions upon interest collected for years before the effective date because of the mere making of the decree within the thirty-six months period. There is not the slightest indication of any such legislative intent in the language of the statute or in the events which led to its enactment.

Submit decree on notice settling the account accordingly.